UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**PERRY PROBUS**                                                                        **PLAINTIFF**

**v.**                                       **CIVIL ACTION NO. 3:23-CV-P592-JHM**

**JEFF TINDALL**                                                           **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Before the Court is the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Jeff Tindell, Oldham County Jailer. Upon review, the Court will grant the motion to dismiss as set forth below.

**I.**

Plaintiff, an inmate at the Oldham County Detention Center (OCDC), initiated this action by filing his complaint, titled Petition for Declaration of Rights, in Kentucky state court. Plaintiff alleges that a check for $1699.21 was fraudulently deposited and cashed without his permission when he was transferred from the Eastern Kentucky Correctional Complex (EKCC) to the OCDC. DN 2, PageID #: 6-7. He claims that his right to due process was violated by the cashing of the check without his signature and/or permission. *Id*. at PageID #: 6.

As relief, Plaintiff requests a declaration that Defendant's actions violated his rights to procedural due process, due process, fair hearing, and equal protection of the law. *Id*. at PageID #: 8. He also requests an order for Defendant "to overturn the punitive actions and reimburse [him] the proper amount with interest." *Id*.

Plaintiff attaches his OCDC inmate trust account statement showing that on November 2, 2022, the $1699.21 check he refers to in his complaint was deposited and three "contract payments" were deducted from the amount, leaving $809.61. *Id*. at PageID #: 11. He also attaches

to his complaint letters to Defendant and to EKCC discussing the "fraudulent" depositing of his check in his OCDC inmate account by an unknown employee and his attempt to have EKCC stop payment on the check. *Id*. at PageID #: 12-15.  EKCC responded, stating that it had contacted OCDC and had learned that checks are automatically deposited; that Plaintiff owed some liens from previous times he was incarcerated at OCDC; and that the money was taken to pay those debts. *Id*. at PageID #: 16.

Defendant removed the lawsuit to this Court and filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted (DNs 1 and 6).[1]  In his motion to dismiss (DN 6), Defendant argues that Plaintiff's claim is not ripe for adjudication; that he is qualifiedly immune on the individual-capacity state and federal claims; and that Plaintiff's due-process rights have not been violated.

According to Defendant, when Plaintiff was transferred from EEKC to OCDC, EKCC issued a check to Plaintiff for $1,699.21 for the remaining balance in his inmate canteen account. When he arrived at OCDC, "jail staff, in compliance with OCDC's written policy, confiscated the check, cashed it, deducted fees which were owed to OCDC by Plaintiff, and deposited the remainder into Plaintiff's inmate canteen account." DN 6-1, PageID #:  47.

Defendant attaches the grievance referred to in the complaint.  In that grievance, Plaintiff states that OCDC collected over $809 in fees "for a case that was vacated and overturned."  DN 6-5, PageID #: 90.  Plaintiff's grievance stated, "I was placed in jail for crime that has been reversed."  The response to the grievance notes that an order vacating and overturning is not effective until the appeal process is over, but also notes that the money collected from his check

---

[1] Plaintiff did not move for remand to the state court or file a response to Defendant's motion to dismiss.

2

"was from when you were incarcerated on 3 different occasions where you were housed as a county inmate." *Id*.

Defendant also attaches a printout from the Kentucky courts' internet site (kcoj.kycourts.net) of Plaintiff's various criminal cases in Oldham Circuit Court, No. 15-CR-00098, in which his 2017 convictions were vacated in 2022 and an appeal in the Kentucky Court of Appeals (No. 2022-CA-1376) is still pending. DN 6-4, PageID #: 69-89.

## II.

In arguing that Plaintiff's claim is not ripe, Defendant concentrates his argument on Plaintiff's referral in his grievance to the removal of over $809 in fees from his check despite his 2017 convictions having been vacated. Defendant argues that Plaintiff's claim is not ripe for adjudication until and unless the court order vacating his 2017 conviction is affirmed by the appellate court because, under the Kentucky Rules of Criminal Procedure, a Kentucky trial court's order vacating a criminal sentence "shall not be effective until expiration of time for notice of appeal under RCr 12.04 and shall remain suspended until final disposition of an appeal duly taken and perfected." Ky. R. Crim. P. 11.42(8).

Although not mentioned in the complaint or its attachments, it is Ky. Rev. Stat. § 441.265, cited by Defendant, which provides the background necessary to understanding this case. Section 441.265(1) provides in part:

> (1) (a) *A prisoner in a county jail shall be required beginning from the prisoner's booking date to reimburse the county for expenses incurred* by reason of the prisoner's confinement as set out in this section, except for good cause shown.
>
> (b) *If the prisoner is not convicted of any charges brought as a result of the prisoner's arrest, the county jail shall waive any outstanding expenses owed by the prisoner and reimburse the prisoner for any expenses already paid to the county jail for confinement due to that arrest*, but the county jail shall not be required to waive or reimburse any expenses incurred by the prisoner for confinement related

3

> to a prior arrest, or for property damage or injury caused by the prisoner while confined to the jail.

Ky. Rev. Stat. § 441.265 (emphasis added).  Subsections (2)-(9) of § 441.265 address the processes for collection and reimbursement of fees.  Specifically, "[p]ayment of any required fees may be automatically deducted from the prisoner's property or canteen account. . . . *If funds become available or if the prisoner reenters the jail at a later date, the fees may be deducted from the prisoner's property or canteen account*." § 441.265(6) (emphasis added).

"Ripeness is a justiciability doctrine designed 'to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements.'" *Kentucky Press Ass'n, Inc. v. Kentucky*, 454 F.3d 505, 509 (6th Cir. 2006) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580 (1985) (internal quotation omitted)).  A case is not ripe for review when it depends on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Thomas*, 473 U.S. at 580–81 (internal quotation marks and citation omitted).

Because the question of ripeness is jurisdictional, a motion to dismiss based on ripeness "is more appropriately considered as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction" rather than a Rule 12(b)(6) motion for failure to state a claim. *Hockman v. Schuler*, No. 07-CV-14268, 2009 WL 1585826, at *2 (E.D. Mich. June 5, 2009).  "'If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed.'" *Dealer Computer Servs., Inc. v. Dub Herring Ford*, 547 F.3d 558, 560 (6th Cir. 2008) (quoting *River City Capital, L.P. v. Bd. of Cnty. Comm'rs*, 491 F.3d 301, 309 (6th Cir. 2007) (citation and internal quotation marks omitted)).  In determining whether a case is ripe for adjudication, the court examines (1) the likelihood that the harm alleged will ever come to pass, (2) whether the factual record is sufficiently developed to allow adjudication, and (3) the hardship to the parties if judicial review is denied.  *See Norton v. Ashcroft*, 298 F.3d 547, 554 (6th Cir. 2002).

4

A motion to dismiss filed pursuant to Rule 12(b)(1) may challenge subject-matter jurisdiction in two ways: a facial attack or a factual attack. *See Gentek Bldg. Prods., Inc. v. Sherwin–Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). When reviewing a facial attack, the court is instructed to take the allegations in the complaint as true. *Id*. However, as is the case here, if Defendant brings a factual attack on the subject-matter jurisdiction alleged in the complaint, no presumptive truthfulness applies to the allegations. *Id*. In fact, "the district court must weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist." *Id.*; *see also Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015).

Given that the order vacating Plaintiff's 2017 convictions is still on appeal, Plaintiff's claim is not ripe and may not become ripe even if the appellate court affirms because it is not clear which incarceration at OCDC the fees were collected or that Defendant will refuse to reimburse the fees collected for incarceration related to the 2017 conviction. In an analogous case, *Sickles v. Campbell Cnty., Ky.*, 501 F.3d 726, 729 (6th Cir. 2007), the Sixth Circuit considered the ripeness of a claim in which the county jail withheld funds to offset fees from a pretrial detainee, Hensley, who was then released on bail. Because § 441.265 provides that, if acquitted, the county would be required to reimburse the withheld fees to him, the Sixth Circuit reasoned that only if Hensley was "acquitted and only if the county retains the previously withheld funds would his claim ripen into a live dispute." *Id.* at 732.

Further, in considering whether there will be hardship to the parties if judicial review is denied, *see Norton*, 298 F.3d at 554, the Court finds that withholding judicial relief will not unduly

5

harm Plaintiff. A reimbursement process is in place which Defendant acknowledges, stating that he "does not dispute that, should the Order vacating the 2017 Convictions be affirmed by the Kentucky Appellate Court, Plaintiff may be (but not necessarily will be) entitled to reimbursement of some or all of the fees deducted by OCDC," dependent on whether those expenses were incurred because of the 2017 convictions. DN 6-1, PageID #: 49.

The Court concludes that Plaintiff's claim is not ripe and, consequently, that this case must be dismissed.[2] *See Dealer Computer Servs*, 547 F.3d at 560; *River City Capital,* 491 F.3d at 309.

### III.

For the foregoing reasons,

**IT IS ORDERED** that Defendant's motion to dismiss (DN 6) is **GRANTED**.

The Court will enter a separate order of dismissal.

Date: March 25, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel of record
4414.009

---

[2] Because the Court determines that Plaintiff's claim is not ripe, the Court does not consider Defendant's other grounds. The Court notes, however, that the Sixth Circuit has considered whether § 441.265 is violative of a prisoner's procedural due-process right and has held that it is not. *See, e.g.*, *Sickles*, 501 F.3d at 731–32; *Jones v. Clark Cnty.*, 666 F. App'x 483, 484 (6th Cir. 2016).